UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

CARLOS LUIS GONZALEZ-RIVERA,

Petitioner,

v.

JOSE E. DIVERSE-AYALA and CESAR MIRANDA-RODRIGUEZ (in their official capacities),

Respondents.

Civil No. 15-01396 (JAF)

**OPINION AND ORDER**

Petitioner Carlos Luis González-Rivera ("González") applies to the court, pro se, under 28 U.S.C. § 2254 for a writ of habeas corpus on a Commonwealth of Puerto Rico ("Commonwealth") judgment of conviction.[1]  (ECF No. 2.)  The Commonwealth opposes the application and moves the court to dismiss it under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 11.)  In turn, González has responded in opposition to the motion.  (ECF No. 16.)  For the following reasons, we dismiss, sua sponte, González's application on jurisdictional grounds and dismiss the Commonwealth's motion as moot.

**I.**

**Background**

In December 2002, González pleaded guilty, pursuant to a plea agreement, in the Court of First Instance, Superior Court of Mayagüez, to thirty (30) criminal charges, including four (4) counts of rape, one (1) count of sodomy, and multiple counts of both

---

[1] Because González is pro se, we construe his application liberally.  *Foley v. Wells Fargo Bank*, 772 F.3d 63, 75 (1st Cir. 2014).  However, "pro se status does not insulate a party from complying with procedural and substantive law."  *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

kidnapping and armed robbery. (ECF Nos. 2 at 5, 11 at 3, 19-1 at 3-4.) On December 13, 2002, González was sentenced under the plea agreement to sixty (60) years in a Commonwealth prison – forty (40) years for the underlying criminal conduct, and an additional twenty (20) years for being a recidivist. (ECF Nos. 2 at 5, 11 at 3, 19-1 at 4.) The sentencing court specified, in accordance with the agreement, that the sentence was to run concurrently with the sentence ultimately imposed on a pending criminal matter, in which González had been charged with additional counts of rape and related crimes stemming from an April 18, 2002, incident, but consecutively with the sentence imposed on any other criminal matter. (ECF Nos. 11 at 3, 19-1 at 4-5.)

On or about August 15, 2005, González applied to this court under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his December 13, 2002, conviction. In particular, González claimed that most of the charges against him had been fabricated by the police and prosecutor, that he had been mentally incompetent to stand trial, that he was innocent of most of the crimes to which he had pleaded guilty, that his attorney had provided him with ineffective assistance, and that the trial court had lacked jurisdiction over some of the charges. (Civ. No. 05-1877, ECF No. 1.) On March 30, 2010, after extensive litigation, the Honorable Daniel R. Domínguez rejected González's claims on substantive and procedural grounds, and denied the application. (Civ. No. 05-1877, ECF No. 152.) On September 20, 2010, the First Circuit Court of Appeals denied González a certificate of appealability ("COA"), finding that he had "not made the requisite showing that reasonable jurists would find debatable or wrong the district court's assessment of his habeas claims." (Civ. No. 05-1877, ECF No. 178.)

On May 24, 2012, the Court of First Instance, Superior Court of Mayagüez, resentenced González "to harmonize the sentences imposed for each crime with the legal

limits." (ECF No. 19-1 at 4-5; see also ECF Nos. 11 at 4, 16 at 2.) Under the resentence, González's cumulative prison term remained sixty (60) years. (ECF No. 11 at 4.)

On or about January 24, 2013, González applied again to this court under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging again his December 13, 2002, conviction. Specifically, he claimed that his original 2002 sentence had been illegal, that his 2012 resentence was also illegal, that the sentencing court had violated the terms of his plea agreement, and that the sentencing court had also sentenced him for a crime with which he had not been charged. (Civ. No. 13-1055, ECF No. 2.) On February 24, 2014, the Honorable Aida M. Delgado-Colón rejected González's claims, dismissed his second habeas application, and denied him a COA. (Civ. No. 13-1055, ECF No. 50.)

On or about April 14, 2015, González filed the instant application with this court, once again petitioning for a writ of habeas corpus to challenge his almost thirteen year-old Commonwealth conviction. He now claims that the conviction violated his double-jeopardy rights. (ECF No. 2.) We dismiss the application for lack of jurisdiction because it constitutes an unauthorized successive application under 28 U.S.C. § 2244(b)(2).

## II.

### **Jurisdictional Analysis**

Before a "second or successive application" for a writ of habeas corpus under 28 U.S.C. § 2254 is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent such authorization from the First Circuit, we "lack[] jurisdiction to consider [a] second or successive petition." *Gautier v. Wall*, 620 F.3d 58, 61 (1st Cir. 2010) (citing *Burton v. Stewart*, 549 U.S. 147, 152 [2007]). And a habeas petition is deemed "second or successive" whenever it "raises a claim that could have been properly raised and decided in a previous" application. *United States v. Barrett*, 178 F.3d 34, 45 (1st Cir. 1999).

The "idea" underlying this restriction on successive § 2254 applications "is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack" on a conviction. *Id*. at 44 (quoting *O'Connor v. United States*, 133 F.3d 548, 550 [7th Cir. 1998] [per Easterbrook, J.]).

Here, González's instant application clearly is "successive" in light of his 2005 and 2013 petitions, which had "brought claims contesting the same custody imposed by the same judgment of a state court." *Gautier*, 620 F.3d at 59 (quoting *Burton*, 549 U.S. at 154). There is no reason why González could not have raised his present claims in either of those earlier applications, or waited to bring all of his claims in a single application. Even if his current double-jeopardy claims were unexhausted at the time of the previous petitions,[2] González's new petition is still subject to the "rigorous procedural obstacles" of 28 U.S.C. § 2244(b). *Id*. at 60 (quoting *Burton*, 549 U.S. at 154). But González has not yet run the instant petition through the first of those obstacles: Seeking and receiving, from the First Circuit, authorization to file a new habeas application in this court. 28 U.S.C. § 2244(b)(3)(A). Accordingly, we lack jurisdiction to consider the application and thus dismiss it.

## III.

## **Commonwealth's Rule 12(b)(6) Motion**

In its motion to dismiss, the Commonwealth alleges only one legal ground for dismissing González's application: Under Federal Rule of Civil Procedure 12(b)(6), the application's failure to state a claim upon which relief can be granted. (ECF. No 11 at 5-11.) The motion does not address, under Federal Rule of Civil Procedure 12(b)(1), our lack of subject-matter jurisdiction over the application due to González's failure to first receive,

---

[2] González has apparently filed several piecemeal habeas petitions in Commonwealth courts. He alleges he did not exhaust his present claims until November 14, 2014, when the Puerto Rico Supreme Court denied him a writ of certiorari from a May 30, 2014, judgment of the Puerto Rico Court of Appeals that had held that his latest Commonwealth petition did not warrant habeas relief. (ECF. Nos. 2 at 8, 13 at 3-4.) In denying González relief, the Court of Appeals expressly found that his present double-jeopardy claims are meritless. (ECF No. 19-1 at 10-12.)

under 28 U.S.C. § 2244(b)(3)(A), authorization from the First Circuit to file a successive habeas application. Because we are dismissing, sua sponte, the application on jurisdictional grounds, we dismiss the Commonwealth's Rule 12(b)(6) motion as moot.

## IV.
## Certificate of Appealability

When entering a final order dismissing a motion under 28 U.S.C. § 2254, we must also decide whether to issue a COA. Rule 11(a) of the Rules Governing Section 2254 Proceedings for the U.S. District Courts. We may grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 [2000]). Although González has not yet requested a COA, we conclude that reasonable jurists could not disagree with our assessment of his claims. Accordingly, we deny him a COA. González may still seek a COA from the First Circuit pursuant to Federal Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we **DISMISS** González's § 2254 application for lack of jurisdiction and **DISMISS** the Commonwealth's motion as moot. (ECF Nos. 2, 11.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of August, 2015.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE